# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **PATRICK C. LYNN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Case No.** |
| ) | **01-3422-KHV** |
| **CHARLES SIMMONS, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

## ORDER

*Pro se* plaintiff Patrick C. Lynn brings this action pursuant to 42 U.S.C. § 1983, claiming that prison officials at the El Dorado Correctional Facility have deprived him of his First, Eighth and Fourteenth Amendment rights by refusing to let him receive gift subscriptions to newspapers and magazines. The case is before the Court on plaintiff's Motion to Personally Participate in Remand Proceedings Ordered in C/A Nos. 01-3017, 02-4054, and 00-3370 (Doc. 93), filed January 25, 2005. Plaintiff argues that his case should be consolidated with the remand proceedings because no final dispositive ruling can be had without his personal participation. He wants a separate jury trial, however, for damages. For the following reasons, the Court overrules plaintiff's motion.

The consolidated cases which plaintiff seeks to join, collectively referred to as "Jacklovich, et al. v. Simmons, et al.," are before the Honorable Monti Belot. Like this case, Jacklovich deals with the question whether the First Amendment protects an inmate's right to receive gift subscriptions to newspapers and magazines. The district court granted summary judgment for the defendants. On December 21, 2004, the

1

Tenth Circuit reversed and remanded for a factual determination whether the inmates' First Amendment right to receive information while in prison outweighed the deference owed to prison officials regarding prison administration. 392 F.3d 420, 427 (10th Cir. 2004).

While the issues in this case and Jacklovich appear to be largely the same, the Court concludes that consolidation of plaintiff's case with Jacklovich is not in the interest of justice. The parties in Jacklovich have completed discovery, a pretrial order has been entered, and the case is set for trial on September 13, 2005. In the instant case, the parties have not engaged in discovery, and no trial date has been set. Cross-motions for summary judgment are pending in this case. Allowing plaintiff to join Jacklovich would delay proceedings in that case.

To the extent plaintiff argues that he is an indispensable party in Jacklovich and should be joined under Fed. R. Civ. P. 19(a), he has filed his motion in the wrong case. In fact, the record in Jacklovich indicates that plaintiff previously tried to join Jacklovich (Doc. 11 in Case No. 02-4054), and that the Honorable G. Thomas VanBebber denied his motion (Doc. 23 in Case No. 02-4054). This Court will not disturb that decision.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Personally Participate in Remand Proceedings Ordered in C/A Nos. 01-3017, 02-4054, and 00-3370 (Doc. 93), filed January 25, 2005, be and hereby is **OVERRULED**.

Dated this 10th day of June, 2005 at Kansas City, Kansas.

                                          s/ Kathryn H. Vratil
                                          Kathryn H. Vratil
                                          United States District Judge