# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **PATRICK C. LYNN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Case No.** |
| ) | **01-3422-KHV** |
| **CHARLES SIMMONS, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

## ORDER

*Pro se* plaintiff Patrick C. Lynn brings this action pursuant to 42 U.S.C. § 1983, claiming that prison officials at the El Dorado Correctional Facility have deprived him of his First, Eighth and Fourteenth Amendment rights by refusing to let him receive gift subscriptions to newspapers and magazines. The case is before the Court on plaintiff's Motion for Additional Time Extension and Request for Orders (Doc. 102) filed April 18, 2005. Plaintiff seeks additional time to file a reply brief in support of the motion for summary judgment (Doc. 95) which he filed January 31, 2005. Specifically, plaintiff seeks a stay of the case and 30 days after resolution of his "court access denial issues" to file his brief. The Court grants plaintiff additional time in which to file his reply brief, but denies his request for "orders" regarding "court access denial issues."

The Court previously granted plaintiff additional time. Plaintiff claims that he needs further additional time because he is being denied access to the Court. According to plaintiff, opposing counsel, defendants and their agents are denying him "scribe materials, photocopies, and legal postage necessary to meet [his] legal obligations and needs." He requests that the Court order defendants to provide him "all necessary means to

continue litigating this case." Alternatively, he requests that the Court order defendants to create a special account for his litigation needs in this case.

Plaintiff's complaint does not allege that his access to paper, postage, copies and other supplies has been unconstitutionally limited, and the Court will not entertain an amendment at this stage of the proceeding to add such a claim. See Fed. R. Civ. P. 15(a) (after defendants have filed response to complaint, amendment requires either leave of court or consent of parties). Furthermore, addition of a claim for which no exhaustion of administrative remedies is demonstrated would subject the amended complaint to summary dismissal under 42 U.S.C. § 1997e(a). See Ross v. County of Bernalillo, 365 F.3d 1181, 1189 (10th Cir. 2004) (§ 1997e(a) requires total exhaustion; prisoner complaint containing mixture of exhausted and unexhausted claims must be dismissed).

The Court considers plaintiff's motion in light of the substantial deference to be accorded prison administrators regarding matters of internal security and day-to-day management of prison facilities. See Sandin v. Conner, 515 U.S. 472, 482 (1995) (federal courts must afford appropriate deference and flexibility to state officials trying to manage volatile environment). Plaintiff's conclusory claims that defendants have denied him reasonable participation in the prosecution of this lawsuit are not persuasive.

To the extent plaintiff seeks additional paper, writing implements or postage, he has not shown that the challenged restrictions interfere with his ability to file necessary pleadings in this matter. Reasonable prison restrictions on such materials have been found acceptable when examined for constitutional deprivation. Harrell v. Keohane, 621 F.2d 1059, 1061 (10th Cir. 1980) (copying); Twyman v. Crisp, 584 F.2d 352, 359 (10th Cir. 1978) (postage). Moreover, even with these restrictions, plaintiff has fully demonstrated his ability to present pleadings for the Court's consideration in this matter.

2

To the extent plaintiff claims he is unable to copy and provide the Court "a stack of evidentiary exhibits" (Doc. 95, para. 9; Doc. 102, para. 16), the Court cannot decide without more particularized information about these exhibits whether judicial assistance in the filing of these exhibits would be warranted or appropriate.

Significantly, notwithstanding plaintiff's assertion of indigency, he does not proceed in forma pauperis under 28 U.S.C. § 1915. Plaintiff successfully secured payment of the full district court filing fee, as required by the "3-strike" provision in 28 U.S.C. § 1915(g), as amended by the Prison Litigation Reform Act on April 26, 1996. Plaintiff is expected to bear the costs of his litigation in this case, and he must do so in compliance with legitimate prison regulations. Plaintiff states that the Department of Corrections has denied a request to set up a legal expense account funded by his family. The Court, however, finds that plaintiff has advanced no good reason to disturb this administrative decision.

In sum, plaintiff has not demonstrated extraordinary circumstances to warrant the Court intervention he is requesting. Nor has plaintiff identified any compelling basis for a teleconference hearing on his motions. Although the Court grants plaintiff additional time to file a reply in support of his summary judgment motion, it is not without pause. Plaintiff filed this case nearly four years ago, and although the case spent some time on interlocutory appeal, the Court notes that the Honorable G. Thomas VanBebber denied a request by plaintiff to stay the proceedings (Doc. 88, filed November 18, 2004). The Court does not intend to let this case lie dormant, and will not extend any further deadlines with respect to plaintiff's motion for summary judgment.

**IT IS THEREFORE ORDERED** that plaintiff's <u>Motion for Additional Time Extension and Request for Orders</u> (Doc. 102), filed April 18, 2005, be and hereby is **SUSTAINED IN PART** and **OVERRULED IN PART**. Plaintiff is granted until **July 5, 2005** to file his reply in support of his motion for summary judgment. If plaintiff does not file the reply within such time, the Court will consider the motion on the briefs

already filed.  No further continuances will be granted.  Plaintiff's motion for orders is overruled without prejudice.

Dated this 13th day of June, 2005 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge