**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| PATRICK C. LYNN, | ) | |
| | ) | |
| Petitioner, | ) | **CIVIL ACTION** |
| | ) | |
| v. | ) | No. 01-3422-MLB |
| | ) | |
| RAY ROBERTS and ROGER WERHOLZ, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Plaintiff's complaint indicates that he has already presented his First Amendment claim to the state courts. (Doc. 1 at 5, exhs. 1, 2.) The state court order in that case indicated that, although plaintiff had moved to voluntarily dismiss the action, it was his second dismissal. Lynn v. Martin, No. 01-C-208, (Butler Co. Dist. Court, Oct. 11, 2001). Pursuant to K.S.A. 60-241(a)(1), that dismissal operated as an adjudication on the merits of all claims raised in the state case. An identical rule applies in the federal system. See Fed. R. Civ. P. 41(a)(1). Plaintiff appealed this ruling to the Kansas Court of Appeals, which recounted the sordid details of plaintiff's conduct in the case and dismissed the matter. Lynn v. Martin, No. 88,412 (Kan. Ct. App., Dec. 19, 2003).

The court has concerns about the propriety of allowing this case to proceed to judgment in light of the previous litigation of what appear to be identical matters in the state courts. If the Rooker Feldman doctrine applies, the court may not have subject matter jurisdiction to hear some or all of the claims presented here. Accordingly, defendants are ordered to address the effect

of the state court litigation on the present case. In particular, defendants shall address the Rooker Feldman doctrine; the effects, if any, of K.S.A. 60-241(a)(1) and Fed. R. Civ. P. 41(a)(1) on plaintiff's ability to raise these claims in federal court; res judicata; and any other relevant rules or doctrine that may prohibit this case from being re-litigated in federal court. Defendants shall also specify which federal claims, if any, are identical to claims raised in the state proceedings. Defendants shall file their brief by September 30, 2005. Plaintiff shall file any response by October 21, 2005. No reply shall be filed. Briefs shall not exceed five pages, double-spaced, with writing on only one side of the page. With the exception of these two filings, neither party shall make any additional filings until the court has decided the pending motions for summary judgment. (Docs. 91, 95.)

IT IS SO ORDERED.

Dated this    14th    day of  September, 2005, at Wichita, Kansas.

                                    s/ Monti Belot
                                    Monti L. Belot
                                    UNITED STATES DISTRICT JUDGE